UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIENNE L. CURRY,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT WILKIE, UNITED STATES SECRETARY OF VETERANS AFFAIRS,<br><br>    Defendant. | Civil Action Number<br>  **2:17-cv-00041-AKK** |

## MEMORANDUM OPINION

Adrienne Curry alleges that her employer, the United States Department of Veterans Affairs ("VA"), unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, by denying her four nursing positions in 2012. Docs. 1 at 2-4; 27. The court has for consideration the VA's motion for summary judgment, which is fully briefed and ripe for consideration. Docs. 16, 27, 28. After reading the briefs, viewing the evidence, and considering the relevant law, the court finds that Curry has failed to establish a *prima facie* case or to rebut the articulated reasons for the selection decisions at issue. The VA's motion is therefore due to be granted.

1

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original).

The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id.* at 324 (internal quotations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

At summary judgment, the court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255. Any factual disputes will be resolved in the non-moving party's

favor when sufficient competent evidence supports the non-moving party's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276, 1278 (11th Cir. 2002). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252)).

## II. FACTUAL BACKGROUND

Curry is a long term employee of the VA. Doc. 18-12 at 1-4. Curry has had various issues that resulted in her filing lawsuits and EEOC complaints against the VA. For example, in January 2009, Curry filed a lawsuit in this court alleging harassment and retaliation. *Curry v. United States Dep't of Veterans Affairs et al*, No. 2:09-cv-2441-AKK, ECF No. 1. Then, in January 2010, Curry filed an EEOC complaint against the VA, alleging disability discrimination and retaliation. Doc. 18-11 at 1-2.

Next, in September 2011, Curry filed an EEOC complaint, alleging that the VA had denied her applications for twenty-three Registered Nurse (RN) positions on the basis of her disability and in retaliation for her prior EEOC activity. *Id*. at 1-

2.[1] Roughly six months later, Curry filed another lawsuit in this court alleging disability discrimination and retaliation. *Curry v. Wilkie*, No. 2:12-cv-608-SLB, ECF. No. 1.

Relevant to this action, in July 2012, Curry filed another EEOC complaint, alleging that the VA had denied her applications for five RN positions on the basis of her disability and in retaliation for her prior EEOC activity. Doc. 17-1 at 4.[2] Basically, and relevant here, from about February or March through May 2012, Curry applied and interviewed for the positions of RN Dialysis Unit, RN Safe Harbor/Palliative Care Unit, and RN-6B Medical Surgical Unit (two positions). Docs. 17-1 at 4; 18-13 at 2; 18-14 at 2; 18-15 at 2. By this time, Curry, who had never been employed as a nurse or RN, had qualified as a RN, had a master's degree in nursing, and had gained clinical nursing experience as a nursing student. Docs. 19-1 at 4, 21; 19-3 at 2, 4. In this lawsuit, Curry maintains that she is more qualified than the individuals selected for these four positions. Doc. 27 at 3-7.

For the RN Dialysis position, Cynthia Frazier was the selecting official who made the initial hiring recommendation. Doc. 18-13 at 2-3. This position had non-mandatory "enhanced qualifications" of dialysis experience and two years of

---

[1] Although she initially mentioned these positions in this lawsuit, Curry has abandoned these claims. *See* doc. 27 at 3, 9.

[2] Curry initially challenged all five positions even though the VA had selected her for the RN-5 Main Medical Surgical Unit position and she had started working in this position before she filed her EEOC complaint. Doc. 19-2 at 11-12.

successful RN medical surgical critical care practice. Docs. 19-3 at 4; 18-13 at 3. Frazier testified that she also considered previous dialysis experience as a licensed practical nurse or technician. Doc. 18-13 at 3. Frazier recommended and ultimately selected Alexis Ray over Curry because Ray "worked in the critical care unit at another facility from 2007 until time of selection where she did receive experience in continuous renal replacement therapy or dialysis." *Id*. Frazier also cited Ray's certification in Advanced Cardiac Life Support as a reason for Ray's selection. *Id*.

For the RN Safe Harbor/Palliative Care position, Kimberly Froelich was the selecting official who made the initial recommendation. This position had "enhanced qualifications" of one year of successful ambulatory surgery, medical surgical, critical care, or palliative care experience. Doc. 19-3 at 4. Froelich recommended and ultimately selected Michelle Walker due to Walker's clinical experience as a licensed practical nurse for "about 10, 15 years." Doc. 18-14 at 3; *see* doc. 28-2 at 2. Froelich further testified that it was important that the successful candidate have "clinical expertise" and "basic experience in clinical assessment tools" because the position required leading non-RN staff. Doc. 18-14 at 3-4.

For the RN-6B Medical Surgical positions, the selecting official Clement Wilson recommended and ultimately selected Donna Miller and Lorraine Bester for these two positions. Doc. 18-15 at 2-3. These positions did not differ significantly from the RN-5 Main Medical Surgical position for which Curry was

ultimately selected. Doc. 19-2 at 17, 18. Wilson explained that he chose Miller and Bester over Curry because Miller and Bester "scored high on the performance based-interview tool, and both persons had prior nursing experience. [Curry] had never worked as a registered nurse since she left school." Doc. 18-15 at 3.

Gregory Eagerton, the Associate Director for Patient Care Service and the Nurse Executive, approved the recommendations for each of the four positions. Doc. 18-17 at 3. Eagerton did not interview Curry or any of the candidates for the positions prior to his decisions. *Id.*

After unsuccessfully challenging these four selections in her 2012 EEOC complaint, Curry filed this lawsuit, alleging that the VA unlawfully retaliated against her in violation of Title VII by denying her these four positions. Doc. 1.[3]

## III. ANALYSIS

Title VII makes it unlawful "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Title VII also has a retaliation provision that creates a cause of action for employees who are discriminated against for "opposing any practice"

---

[3] Curry initially also raised claims under 42 U.S.C. §1981 and 42 U.S.C. §1983. However, she conceded these claims in her response to the motion for summary judgment. *See* doc. 27 at 1.

that they have a good faith belief to be unlawful. 42 U.S.C. § 2000e-3; *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994).

Where the evidence of retaliation is entirely circumstantial, the burden of proof shifts between the plaintiff and defendant according to the *McDonnell Douglas Corp.* framework. *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1310 (11th Cir. 2016) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972)). Initially, the plaintiff has the burden to establish a *prima facie* case by showing: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that the adverse employment action would not have occurred but for the protected activity. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to "proffer a legitimate, non-discriminatory reason for the adverse employment action," but this burden is "exceedingly light." *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994) (quoting *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1495 (11th Cir. 1989)). If the defendant does so, "[t]he plaintiff must then demonstrate that the employer's proffered explanations are a pretext for retaliation." *Id.*

## A. **Curry's *Prima Facie* Case**

The VA contends that Curry cannot establish the requisite causal link between her statutorily protected EEOC activity and lawsuits and the adverse actions in 2012. Doc. 16 at 22-25. A plaintiff can prove causation through "sufficient evidence that the decision-maker became aware of the protected conduct, and that there was a close temporal proximity between this awareness and the adverse . . . action." *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 n.30 (11th Cir. 2003). Where, as here, the only evidence of causation is temporal proximity, the proximity "must be 'very close.'" *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

Unfortunately for Curry, she has failed to make this showing. More specifically, Curry filed her EEOC complaint in September 2011 and her lawsuit in February 2012, and the selection decisions at issue occurred in May 2012. Docs. 18-13 at 2; 18-14 at 2; 18-15 at 2. Thus, at best, even assuming all the decision-makers knew about her protected activities,[4] there is a three-month gap between

---

[4] Only one of the decision makers, Wilson, admitted that he knew about Curry's EEOC complaints. Doc. 18-15 at 2. The others denied having such knowledge. Doc. 18-13 at 2; 18-14 at 2; 18-17 at 3.

8

the protected activity and the selection decisions.[5] Such a gap is insufficient under Eleventh Circuit law to show temporal proximity. *See Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010) (finding that "a three-month interval between the protected expression and the employment action . . . is too long[]" to sustain plaintiff's retaliation claim); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (finding that a three-to-four month gap was insufficient). Therefore, because Curry is relying solely on temporal proximity, her *prima facie* case fails.

### B. Curry's Rebuttal of the VA's Proffered Reasons

Alternatively, even if Curry can make a *prima facie* case, her claim fails because no reasonable factfinder could conclude, based on the record, that the VA's proffered explanations for the selection decisions at issue are mere pretext

---

[5] Curry contends that "there is no gap" between the VA's adverse actions and her protected activity because of her "ongoing participation" in the EEOC process and her pending lawsuits against the VA. Doc. 27 at 8. However, temporal proximity is calculated by reference to the date of a discrete action by the plaintiff that is protected by Title VII, such as the date of filing an EEOC complaint. *See, e.g.*, *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (calculating temporal proximity by reference to the date of the plaintiff's EEOC complaint, and rejecting plaintiff's "utterly implausible suggestion that the *EEOC*'s issuance of a right-to-sue letter—an action in which the employee takes no part—is a protected activity of the employee." (emphasis in original)); *Adams v. City of Montgomery*, 569 F. App'x 769, 773 (11th Cir. 2014); *Brown v. Huntsville City Bd. of Educ.*, 324 F.R.D. 239, 251-52 (N.D. Ala. 2018). Curry's allegation of "ongoing participation," without evidence of a specific protected activity beyond filing her complaints, does not raise a genuine issue of material fact as to temporal proximity. *See* doc. 27 at 8.

for unlawful retaliation. To show pretext, the evidence produced "must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *See Furcron*, 843 F.3d at 1313 (citation omitted). The plaintiff "must meet each proffered reason 'head on and rebut it, and [she] cannot succeed by simply quarreling with the wisdom of that reason." *Id*. at 1313-14 (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000)). Curry's unsupported, conclusory allegations that she was more qualified than each of the selected candidates fail to raise an inference of pretext. *See* doc. 27 at 4-6; *Furcron*, 843 F.3d at 1313 ("Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext . . ." (citation omitted)).

First, Curry contends that she was more qualified than the selected candidate for the Dialysis position, Ray, claiming that Ray lacked dialysis experience. Doc. 27 at 5. However, Curry presents no evidence to support this contention, which is directly contradicted by Frazier's testimony. *See* doc. 18-13 at 3. Moreover, Curry's testimony that she did not know anything about the successful candidates for the four positions, including whether they had nursing experience or were more qualified than her, belies her contention that she is more qualified than Ray. Docs. 19-1 at 18; 19-2 at 10. Finally, Curry failed to address Frazier's contention regarding Ray's professional experience in dialysis nursing, doc. 19-3 at 2, 4,

which is another reason Frazier articulated for selecting Ray. *See id.* at 3. In light of her failure to rebut each reason the VA articulated, Curry's claim as to the Dialysis position fails. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1538-44 (11th Cir. 1997) (finding that plaintiff failed to produce sufficient evidence to rebut each of the defendant's proffered reasons for declining to promote the plaintiff).

Second, with respect to the Palliative Care position, Curry attempts to raise an inference of pretext by alleging, "The record is devoid of any evidence that Walker held a RN certification as required by the job announcement." Doc. 27 at 6. However, Curry cites no evidence to support this contention, *see id.*, and Walker's written application in fact indicates that she was a RN and had been a licensed practical nurse since at least 1991, *see* doc. 28-2 at 2. Moreover, Froelich testified that she selected Walker because of her clinical nursing experience of "about 10, 15 years", and the position required a RN with "clinical expertise" who could lead support staff. Doc. 18-14 at 3-4. By contrast, Curry had not yet worked as a RN at the time of her application. Doc. 19-3 at 2. In other words, Curry has failed to rebut Froelich's articulated reason, and her claim for this position also fails.

Finally, Curry cannot point to any evidence that suggests that retaliatory animus factored into the selections for the two 6B Medical Surgical positions. Wilson testified that he recommended Miller and Bester for the two positions because "[t]hey scored high on the performance-based interview tool, and both

11

persons had prior nursing experience. [Curry] had never worked as a registered nurse since she left school." Doc. 18-15 at 3. There is no evidence that rebuts this testimony. Therefore, in light of Curry's failure to "meet each proffered reason head on and rebut it," *Furcron*, 843 F.3d at 1313 (quotation omitted), her claim for these two positions also fails.

## **CONCLUSION**

In sum, Curry has failed to show the requisite temporal proximity between her protected activity and the adverse actions to establish a *prima facie* case. Curry's claim fails also because the VA has put forth sufficient, unrebutted evidence to support its contention that each selected candidate was more qualified than Curry. Thus, the VA has met its burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The court will issue a separate order consistent with this opinion.

**DONE** the 15th day of October, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE